# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SARAH TERMINI,<br>      Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:09-CV-10-PPS-PRC<br>) |
| BOARD OF LAKE COUNTY COMMISSIONERS, *et al.*,<br>      Defendants. | )<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Exclude Plaintiff's Expert Witnesses [DE 40], filed by Defendants on March 17, 2010. Plaintiff filed a response brief on March 24, 2010, to which Defendants filed a reply on March 30, 2010.

## PROCEDURAL BACKGROUND

On April 9, 2009, the Court conducted a Rule 16 Preliminary Pretrial Conference in which, in part, it ordered that the parties' Initial Disclosures were to be exchanged by July 15, 2009, and the Plaintiff's expert witness disclosures and reports were to be delivered to Defendants by November 30, 2009. On August 21, 2009, Plaintiff served upon Defendants her Initial Disclosures[1] pursuant to Federal Rule of Civil Procedure 26. In the section of her Initial Disclosures identifying individuals likely to have discoverable information, Plaintiff identified Dr. Pamela Tran as Plaintiff's psychiatrist after the alleged rape underlying the instant suit; Dianna Jones as Plaintiff's counselor after the rape; and Dr. Mark Rybczynski as one of Plaintiff's medical providers and indicated that he will testify as to the treatment and cause of Plaintiff's medical conditions. Further,

---

[1] Plaintiff's disclosures appear to be untimely in light of the scheduling order set at the April 9, 2009 Rule 16 Preliminary Pretrial Conference. However, Defendants do not raise this issue in the instant Motion, so the Court will not address it.

in the section requiring Plaintiff to identify any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705, Plaintiff identified Dr. Pamela Tran, indicating, in part, that she would testify as to the cause of Plaintiff's medical conditions and whether her injuries are permanent or temporary; Dianna Jones as testifying as to the cause of Plaintiff's medical conditions and whether her injuries are permanent or temporary; and Dr. Mark Rybczynski as testifying as to the cause of Plaintiff's medical conditions and whether the injuries are permanent or temporary.

After obtaining an extension of time from the Court, Plaintiff's expert witness disclosures and reports were to be delivered to Defendants by February 26, 2010. On February 26, 2010, counsel for Plaintiff emailed to counsel for Defendants the expert witness disclosure of Dr. Pamela Tran, providing that she would testify as to the cause of Plaintiff's medical conditions and whether, at the time of her treatment, it was foreseeable that her emotional injuries were permanent and Plaintiff would need further treatment and counseling. Defs.' Mot. to Exclude, Ex. A. However, Plaintiff did not include with the disclosure a written expert report from Dr. Tran.

On February 28, 2010, Plaintiff's counsel sent counsel for Defendants an email containing the expert witness disclosure of Dr. Mark Rybczynski, indicating that he would testify as to the cause of Plaintiff's medical conditions and whether, at the time of his treatment of Plaintiff, it was foreseeable that her emotional injuries were permanent and that she would need further treatment and counseling. Defs.' Mot. to Exclude, Ex. B. No written expert report from Dr. Rybczynski was included with the email. Counsel for Plaintiff represents that she meant to send the email on February 26, 2010, but accidentally did not press the send button. Upon finding out about this error, she sent the email on February 28, 2010.

On March 2, 2010, Defendants received an envelope, postmarked March 1, 2010, from

Plaintiff containing hard copies of Plaintiff's expert witness disclosures, including the disclosure for Dianna Jones. In Ms. Jones' disclosure, Plaintiff indicated that Ms. Jones would testify as to the cause of Plaintiff's medical conditions and whether, as of the date of her treatment, it was foreseeable that her emotional injuries were permanent and that Plaintiff would need further treatment and counseling. No written expert report was included.

Counsel for Plaintiff represents that she sent the disclosures via first class mail on February 26, 2010. Further, counsel for Plaintiff included with the disclosures a Certificate of Service indicating that the disclosures were electronically filed, but she now acknowledges that they were not electronically filed.

## ANALYSIS

In the instant Motion, Defendants request that the Court bar Plaintiff's disclosed experts from testifying because the disclosures are untimely and incomplete, as they do not include written expert reports. The Court evaluates each argument in turn.

### A. Timeliness of the Disclosures

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose, at the time set by the Court, the identity of any person who may be used at trial to present evidence under Rules of Evidence 702, 703, or 705. Here, according to the Court's January 27, 2010 Order, Plaintiff's expert witness disclosures and reports were to be served on the Defendants by February 26, 2010.

The disclosure of Dr. Tran was timely as it was served on Defendants via the February 26, 2010 email. The disclosure of Dr. Rybczynski, on the other hand, appears to be untimely as the email containing his disclosure was not sent to Defendants until February 28, 2010–two days after the deadline set by this Court. Plaintiff represents in her response brief that her attorney drafted the email on February 26, 2010, but inadvertently failed to press the send button. Further, the disclosure

3

of Ms. Jones appears to be untimely as it was not received by Defendants until March 2, 2010. Counsel for Plaintiff represents that she mailed the envelope containing her disclosure on February 26, 2010, along with Dr. Tran's. Further, Plaintiff's counsel represents that she emailed a copy of the expert disclosures of Dr. Tran and Ms. Jones via email on February 26, 2010. The evidence of record does not support that Plaintiff's counsel sent Ms. Jones' expert disclosure in the February 26, 2010 email.

Under Rule 37(c)(1), "a party [that] fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A trial court has broad discretion to decide whether a failure to timely disclose an expert witness is justified or is harmless error. *Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997). In deciding whether an untimely disclosure of an expert is harmless, the Court evaluates "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Defendants cannot claim surprise or prejudice by the untimely disclosures of Dr. Rybczynski and Ms. Jones. In Plaintiff's Initial Disclosures, served on Defendants on August 21, 2009, Plaintiff disclosed that these individuals may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Plaintiff indicated the proposed subject of their testimony, which is the same subject matter disclosed in the expert disclosures. Therefore, Defendants were on notice that Dr. Rybczynski and Ms. Jones may be used as experts.

Next, Defendants have failed to show any prejudice by the untimely disclosure, as opposed

to the lack of written expert reports, and because the disclosures were only a few days late, there is no likelihood of disruption at trial. Further, although there are inconsistencies in counsel for Plaintiff's explanations for the untimely disclosures (i.e. representing that Dianna Jones' expert disclosure was included in the February 26, 2010 email containing Dr. Tran's disclosure, when no evidence of record supports it), especially her representation that the disclosures were mailed on February 26, 2010,[2] Defendants have failed to provide any evidence indicating bad faith or willfulness in not timely disclosing Dr. Rybczynski's and Dianna Jones' expert disclosures.

Therefore, the Court finds that the untimely service of the expert disclosures is harmless and the Court declines to exclude the testimony of Dr. Rybczynski and Dianna Jones on this basis.

### B. Necessity of Written Expert Reports

Next, Defendants request that the Court exclude the testimony of Plaintiff's physicians because the disclosures were incomplete, by not including written expert reports, and do not meet the requirements of Rule 26(a)(2)(B). Under Rule 26(a)(2)(B), a written report signed and prepared by the expert witness must accompany the disclosure if the expert witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).[3] Here, Defendants argue that because Plaintiff's expert witnesses will testify as to causation and permanency of her alleged injuries, they are required to submit a written expert report. Plaintiff contends that no expert reports are required because the disclosed physicians are going to testify as

---

[2] Defendants have included with the instant Motion a copy of the envelope containing the expert reports, which shows a postage "Date of sale" of March 1, 2010. *See* Defs.' Mot. to Exclude, Ex. L. There is no evidence, however, indicating whether the First-Class Mail label containing the March 1, 2010 date was placed on the envelope by the United States Postal Service, or was the date that Plaintiff's counsel purchased postage for the envelope and mailed the expert disclosures to Defendants.

[3] Rule 26(a)(2)(B) also provides the requirements of what information the written expert report must contain.

to their opinions as her treating physicians and based on information obtained within the course of treatment, observations, and their personal knowledge. Further, Plaintiff represents that if the Court finds that the disclosed witnesses are experts, Plaintiff provided copies of their medical reports, which contain the information required by Rule 26(a)(2)(B).

As another court in this District has indicated, the Seventh Circuit Court of Appeals has yet to definitely decide whether a treating physician must provide an expert report under Rule 26(a)(2)(B) in order to testify as to causation, future medical care and prognosis, or permanency of injury or disability. *See Cobble v. Wal-Mart Stores East, L.P.*, Cause No. 1:10-CV-010, 2010 WL 1088513, at *2 (N.D. Ind. March 19, 2010) (Slip Copy). The Seventh Circuit has acknowledged, however, that there is "some expert testimony in the nature of the treating physician's testimony that does not require a report. But some district courts have suggested that if the Rule 26(a)(2)(A) testimony exceeds the scope of treatment and ventures into a more general expert opinion testimony, a report may be necessary." *Musser v. Gentiva Health Services*, 356 F.3d 751, 758 n. 3 (7th Cir. 2004). Nonetheless, the Seventh Circuit has "never held that treating physicians must file expert reports." *Blameuser v. Hasenfang*, 345 F. App'x 184, 186 (7th Cir. 2009).

District courts in this Circuit have not adopted a uniform approach with respect to treating physicians and Rule 26(a)(2)(B)'s expert report requirements. Nonetheless, courts have not required a treating physician to provide an expert report where the physician's testimony about causation, prognosis, and the extent of disability is based on his or her treatment of a party. *See Cobble*, 2010 WL 1088513, at *3; *Gary v. Alexander*, No. 08-3241, 2009 WL 1162387, at *1 (C.D. Ill. April 24, 2009) (providing that "Rule 26(a)(2)(B) does not apply to treating physicians who provide opinion testimony formulated in connection with treatment, including opinions on causation, diagnosis, and prognosis"); *Osterhouse v. Grover*, No. 3:04-cv-93-MJR, 2006 WL 1388841, at *3 (S.D. Ill. May

17, 2006) (finding that no expert report was required as "[i]t is not unheard of for a doctor, during the course of treatment, to elicit information and form an opinion about the processes of an injury . . . [and] for a doctor to form an opinion and inform a patient of the future ramifications of an injury"); *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 556 (S.D. Ind. 2003) (noting that "[t]he majority of courts permit physicians to present their opinions formulated during the course of treating a patient"); *McCloughan v. City of Springfield*, 208 F.R.D. 236, 242 (C.D. Ill. 2002) (not requiring an expert report where the treating physicians' testimony regarding causation, diagnosis, and prognosis would be based on their personal knowledge of the plaintiff); *Zurba v. U.S.*, 202 F.R.D. 590, 592 (N.D. Ill. 2001) (noting that if a physician formed opinions regarding causation and permanency of a plaintiff's condition during his treatment of the plaintiff, the physician is not testifying as an expert and is not required to submit an expert report); *but see Sowell v. Burlington Northern and Santa Fe Ry. Co.*, No. 03 C 3923, 2004 WL 2812090, at *3 (N.D. Ill. Dec. 7, 2004) (finding that the issues of causation, prognosis, and permanency go beyond the scope of testimony that a treating physician may render without providing an expert report and noting cases finding the same). However, where a treating physician is specially retained to render a medical opinion and bases his or her testimony beyond the facts made known to him or her during the course of a plaintiff's treatment, an expert report is required. *Cobble*, 2010 WL 1088513, at *3; *Krischel v. Hennessy*, 533 F. Supp. 2d 790, 795 (N.D. Ill. 2008). Accordingly, if a plaintiff does not seek treatment from the physician until after the litigation arose, then the opinion is likely formed in anticipation of litigation and an expert report is required. *Cobble*, 2010 WL 1088513, at *3.

Defendants argue that Plaintiff was required to provide expert reports for Dr. Tran, Dr. Rybczynski, and Dianna Jones because they intend to testify about causation and permanency of Plaintiff's injuries. Plaintiff argues that no expert reports are required because Dr. Tran, Dr.

7

Rybczynski, and Dianna Jones were not retained in anticipation of this litigation, instead treated Plaintiff for her injuries, and their opinions regarding causation and permanency are based upon their course of treatment, observations, and personal knowledge.

"The fact that a treating doctor proposes to give an opinion regarding the causation and permanency of his patient's injury does not by itself make him a retained expert for purposes of Rule 26(a)(2)." *Zurba*, 202 F.R.D. at 592. The evidence of record does not support that Dr. Tran, Dr. Rybczynski, or Dianna Jones were retained or specially employed to provide expert testimony in the case or are one whose duties as a party's employee regularly involve giving expert testimony. *See* Fed. R. Civ. P. 26(a)(2)(B). Rather, the evidence of record supports that they treated Plaintiff for her physical and emotional injuries and did so before this case was filed. Further, Defendants have not provided evidence supporting that the physicians' employment duties regularly involve giving expert testimony.

Defendants argue that the physicians' opinions of causation of Plaintiff's injuries are not based on their personal knowledge as they have not definitively established the cause of Plaintiff's injuries and their testimony regarding permanency cannot be based on their personal knowledge since they have not treated Plaintiff since 2008 and lack personal knowledge of her current condition. Defendants have provided no legal authority supporting that the physicians must have knowledge of Plaintiff's current condition in order to testify as treating physicians. Further, in her Initial Disclosures, Plaintiff indicated that each of the physicians would testify that *as of the date of her treatment* whether it was foreseeable that her emotional injuries were permanent. Accordingly, Defendants' arguments regarding the opinions on the permanency of Plaintiff's injuries being based on personal knowledge go more to the weight of the physicians' testimony rather than the admissibility of the testimony.

While Plaintiff contends that the physicians' opinions regarding causation and permanency will be based on their treatment of the Plaintiff, instead of identifying specific pages of Plaintiff's medical records indicating the physicians' opinions concerning causation and permanency of Plaintiff's injuries, Plaintiff generally cites to the medical records, requiring the Court to scour through the record. After reviewing the medical records of Plaintiff's treatment by the physicians, the Court is unable to find the bases of the physicians' opinions regarding causation and permanency of Plaintiff's injuries. If the physicians' opinions regarding the cause of Plaintiff's injuries is based on their personal knowledge through Plaintiff's treatment, there is no indication from the medical records what their opinions are regarding causation. Further, there is no clear indication from the medical records as to what each physician will opine as to the permanency of Plaintiff's injuries as none of the physicians indicated in their medical reports whether or not Plaintiff's injuries are permanent. In fact, the medical records indicate that each physician noted improvement in Plaintiff's condition.

Accordingly, the parties have not provided the Court with enough information to determine whether each physician's opinions regarding causation and permanency of Plaintiff's injuries will be based on their personal knowledge through Plaintiff's treatment (which does not require an expert report) or extends beyond facts made known to them during the course of treatment (which would require an expert report). Therefore, at this time, the instant Motion must be denied.[4]

---

[4] However, although no expert report is required at this time, "[f]ailing to provide expert reports leaves open the possibility that the trial judge may limit these [treating physicians'] testimony to the detriment of" Plaintiff's case. *Wallace v. Hounshel*, No. 1:06-cv-1560-RLY-TAB, 2008 WL 2704714, at *3 (S.D. Ind. July 3, 2008).

To the extent that Plaintiff argues that the medical records constitute expert reports, the Plaintiff is mistaken as there is no indication as to the physicians' opinions concerning causation and permanency contained in those records, and they are too deficient to constitute an expert report under Rule 26(a)(2)(B).

9

**CONCLUSION**

Accordingly, the Court hereby **DENIES** the Defendants' Motion to Exclude Plaintiff's Expert Witnesses [DE 40]. However, with respect to the treating physicians' anticipated testimony about causation and the permanency of Plaintiff's injuries, no expert reports are required only to the extent that each physician bases his or her testimony upon facts learned during the course of Plaintiff's treatment.

Given the Plaintiff's failure to comply with the Court's deadlines, as noted by the Court's January 27, 2010 Order, Plaintiff's unexplained failure to serve her Initial Disclosures by the Court's deadline, and the Court's March 29, 2010 Order, the Court **CAUTIONS** Plaintiff that future failure to comply with the Court's deadlines will be viewed with disfavor.

So ORDERED this 29th day of June, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record