# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SARAH TERMINI, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:09-CV-10-PPS-PRC |
| | ) |
| BOARD OF LAKE COUNTY | ) |
| COMMISSIONERS, *et al.*, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants, Board of Lake Country Commissioners, Lake County Park and Recreation Department, Robert Nickovich, and David Kwolek's Motion to Exclude Plaintiff's Expert Witnesses [DE 69], filed by Defendants on September 10, 2010, and Plaintiff's Motion to Correct an Error that was in Plaintiff's Response in Opposition to Defendants' Motion to Exclude Plaintiff's Experts [DE 72], filed by Plaintiff on September 30, 2010. Plaintiff filed a response brief to the Motion to Exclude on September 24, 2010, to which Defendants filed a Reply on September 28, 2010.

## PROCEDURAL BACKGROUND

On April 9, 2009, the Court conducted a Rule 16 Preliminary Pretrial Conference in which, in part, it ordered that the parties' Initial Disclosures were to be exchanged by July 15, 2009, and the Plaintiff's expert witness disclosures and reports were to be delivered to Defendants by November 30, 2009. On August 21, 2009, Plaintiff served upon Defendants her Initial Disclosures pursuant to Federal Rule of Civil Procedure 26. In the section of her Initial Disclosures identifying individuals likely to have discoverable information, Plaintiff identified Dr. Pamela Tran as Plaintiff's psychiatrist after the alleged rape underlying the instant suit; Dianna Jones as Plaintiff's

1

counselor after the rape; and Dr. Mark Rybczynski as one of Plaintiff's medical providers, indicating that he will testify as to the treatment and cause of Plaintiff's medical conditions. Further, in the section requiring Plaintiff to identify any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705, Plaintiff identified Dr. Pamela Tran, indicating, in part, that she would testify as to the cause of Plaintiff's medical conditions and whether her injuries are permanent or temporary; Dianna Jones as testifying to the cause of Plaintiff's medical conditions and whether her injuries are permanent or temporary; and Dr. Mark Rybczynski as testifying to the cause of Plaintiff's medical conditions and whether the injuries are permanent or temporary. No written expert reports were provided for any of the three witnesses.

On March 17, 2010, Defendants filed a Motion to Exclude Plaintiff's Expert Witnesses on the grounds that Plaintiff's expert disclosures were untimely and incomplete. The Court denied the Motion, though it limited the testimony available from the witnesses, holding that, "with respect to the treating physicians' anticipated testimony about causation and the permanency of Plaintiff's injuries, no expert reports are required only to the extent that each physician bases his or her testimony upon facts learned during the course of Plaintiff's treatment." [DE 61]. The Court also cautioned Plaintiff that future failure to comply with the Court's deadlines would be viewed with disfavor. *Id*.

Defendants were unable to schedule depositions of Plaintiff's three expert witnesses by the August 16, 2010 Scheduling Conference, by which point the discovery period set by the Court had closed.[1] At the August 16, 2010 Scheduling Conference, the Court gave Plaintiff one week to send

---

[1] On June 25, 2010, the parties signed an agreement to continue depositions after the close of discovery, with all depositions to be completed by August 31, 2010. Dfts. Mot. [DE 69] Ex. 12.

2

a letter to Defendants to advise Defendants of when the experts would be available for depositions. By August 23, 2010, the parties had agreed to a time for the deposition of Rybczynski, although it was later canceled by Plaintiff, and Plaintiff had emailed Defendants with dates on which Jones and Tran would be available, with the provision that each was only available for two hours.

## ANALYSIS

**A. Defendants' Motion to Exclude Plaintiff's Expert Witnesses**

In Defendants Motion to Exclude Plaintiff's Expert Witnesses, Defendants request that the Court exclude Plaintiff's witnesses Dr. Tran, Dr. Rybczynski, and Ms. Jones from testifying. Defendants assert that Plaintiff has not complied with the Court's Order on August 16, 2010, that Plaintiff advise the defense when the witnesses would be available to be deposed, and Defendants have been unfairly disadvantaged by the non-compliance. Defendants have been unable to depose witnesses Dr. Tran, Dr. Rybczynski, and Ms. Jones. Plaintiff argues that she did comply with the order because she scheduled one of the depositions and provided dates for two of the others that both she and the witnesses would be available. However, she canceled the deposition for Dr. Rybzynski due to a personal emergency, and the dates she provided for the other witnesses allowed a maximum of only two hours for each deposition.

The Court finds that Plaintiff did not comply with the spirit of the Court's order requiring her to provide available dates for depositions of experts. Plaintiff attempts to excuse her failure to comply by saying that she had a hard time getting available dates from her witnesses and that Defendants should have just subpoenaed them since Defendants would be taking the depositions. However, her failure to provide adequate dates for the depositions is in contradiction to a direct Order by this Court, an Order made necessary by Plaintiff's failure to assist Defendants in

3

scheduling the depositions of witnesses she had noticed as experts.

"When one party fails to comply with a court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction." *In re Maurice*, 21 F.3d 767, 773 (7th Cir. 1994); *see also Hill v. Porter Mem. Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996) ("Adherence to established deadlines is essential if all parties are to have a fair opportunity to present their positions. In the absence of a compelling excuse, a district court is well within its discretion to exclude untimely proffered evidence or testimony.") The times given by Plaintiff for depositions of Dr. Tran and Ms. Jones were unreasonably short, particularly as the witnesses had been noticed by Plaintiff to give very technical testimony about their treatment of Plaintiff. In addition, the dates she provided were beyond both the discovery deadline and the additional extension agreed upon by the parties, at Plaintiff's request. Especially given the need of Defendants to involve the Court in scheduling depositions and, in an Order regarding problems with the same witnesses, the Court's warning to Plaintiff about the need to comply with the Court's deadlines, the Court concludes that it is appropriate to prohibit Plaintiff from introducing Dr. Tran, Dr. Rybczynski, and Ms. Jones as witnesses.

**B. Plaintiff's Motion to Correct her Filing**

In Plaintiff's Motion to correct an error in her briefing, she requests that the Court correct an error in Plaintiff's Response in Opposition to Defendants' Motion to Exclude Plaintiff's Expert Witnesses [DE 70]. Plaintiff asserted that she incurred court reporter fees for the failure of a deponent to appear at a deposition, but now realizes that statement is incorrect.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendants, Board of Lake Country Commissioners, Lake County Park and Recreation Department, Robert Nickovich, and David Kwolek's Motion to Exclude Plaintiff's Expert Witnesses [DE 69] and **ORDERS** that Plaintiff's witnesses Dr. Tran. Dr. Rybczynski, and Ms. Jones be excluded from testifying in this matter. In addition, the Court **GRANTS** Plaintiff's Motion to Correct an Error that was in Plaintiff's Response in Opposition to Defendants' Motion to Exclude Plaintiff's Experts [DE 72].

So ORDERED this 6th day of December, 2010.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record