# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| SARAH TERMINI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:09CV10-PPS |
| | ) | |
| LAKE COUNTY BOARD OF | ) | |
| COMMISSIONERS, LAKE COUNTY PARKS | ) | |
| AND RECREATION DEPARTMENT, | ) | |
| ROBERT NICKOVICH and DAVID KWOLEK, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER OF DISMISSAL

This contentious and convoluted litigation now comes to its end, but it is not dying a quiet death. Here's the procedural posture: I issued an order on December 10, 2010 [DE 83] requiring the now *pro se* plaintiff, Sarah Termini, to show good cause for her failure to appear for a status conference as ordered. On January 3, 2011, the defendants filed a joint motion [DE 84] to dismiss the complaint with prejudice for Termini's failure to comply with the show cause order. That same date, Termini filed a letter [DE 85], which I have construed as an untimely attempt to respond to the show cause order, in which she clearly states her desire to dismiss her case. Defendant Lake County Board of Commissioners must have seen this as the chance to go on the offensive because it responded by filing a motion for sanctions against Termini and her former attorney, Anna Hearn. The Commissioners followed this up with a motion to strike portions of Hearn and Termini's response to the motion for sanctions.

First, I note that Termini expressed her desire to dismiss her lawsuit by her *pro se* filing on January 3, 2011 [DE 85], well before the Commissioners' filing of its motion for Rule 11

sanctions on January 21, 2011 [DE 89].  As to dismissal then, the only question is whether it be with or without prejudice.  This question is answered by the joint response of Termini and Hearn to the sanctions motion, in which they agree that "this Court should dismiss this matter in its entirety with prejudice" but also "with the Parties bearing their own costs."  DE 93, p. 21.  The case will thus be voluntarily dismissed with prejudice.

Once all the chaff is winnowed out, the Commissioners' motion for sanctions is predicated on the alleged baselessness of any claim that the Commissioners (as opposed to the County's Parks and Recreation Department) could bear liability relating to Termini's employment.  I refer to the necessity of winnowing out chaff because there is considerable attention paid in the motion to other matters that cannot support Rule 11 sanctions.  These include challenges to statements made in Termini's EEOC charge, references to testy exchanges between counsel during the course of the case, and numerous beefs about behavior in discovery which, when properly presented in discovery motions, were heard and ruled on in Judge Cherry's many orders in this case.  At bottom, the Commissioners' Rule 11 motion seeks sanctions against Termini and attorney Hearn "for bringing this frivolous action" and for "continuing to pursue this action when it was clear that Lake County had no responsibility or control."  DE 89, p.3.  The Commissioners seek an order that Termini and Hearn reimburse them $21,136.07 for the costs and fees they incurred in defending the action.

The gist of Rule 11(b) provides that an attorney's "signing, filing, submitting, or later advocating" any pleading, motion or other paper constitutes his or her certification that the matter is "not being presented for any improper purpose," that the legal contentions are "warranted by existing law or by a nonfrivolous argument," and that the "factual contentions have evidentiary support or...will likely have evidentiary support" after discovery.  Where a

2

court determines that Rule 11(b) has been violated, the court may "impose an appropriate sanction on any attorney, law firm, or party that violated the rule." Fed.R.Civ.P. 11(c)(1).

The sanctions motion will be denied first for its failure to comply with the requirements of Rule 11 itself. Under Rule 11(c)(2), a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The Commissioners did not satisfy this "safe harbor" provision, which required it to serve its motion on Termini and Hearn, and then await their failure to dismiss the claims against the them before filing the sanctions motion with the Court. Any suggestion that the Commissioners satisfied this requirement by having frequently requested a dismissal, by oral or informal written communications between counsel, does not suffice. The plain language of the rule requires the formal service of a copy of the very motion for sanctions intended to be filed. Of course none of this makes a whole lot of sense since Termini had by that time already signaled her intention to drop the lawsuit.

This analysis reveals other flaws in the Commissioners' motion. The action has been pending since January 20, 2009. Counsel for the Commissioners entered an appearance on February 9, 2009. Almost two years later, on January 2, 2011, the Rule 11 motion was filed. If the complaint was as utterly meritless as the Commissioners now contend, why wasn't a motion for sanctions more timely filed? Or, more appropriately, a potentially dispositive motion advancing the substantive analysis that the current motion for sanctions so heavily relies upon? In fact, the Commissioners' briefing of the instant sanctions motion often reads like a memorandum in support of a motion for summary judgment. But curiously no such motion was ever made. Perhaps such a motion was being prepared (with a view to the February 18, 2011

3

deadline) when plaintiff indicated her intent to dismiss, and the Commissioners changed their course by filing a belated Rule 11 motion instead.

I also find that the Commissioners fail to demonstrate that, when filing the complaint, attorney Hearn had no reasonable and good faith belief that discovery would support her contentions as to the role of the Commissioners in Termini's employment. Rather than make a persuasive case as to the obvious groundlessness of such contentions, the Commissioners' arguments repeatedly refer to what "discovery has demonstrated," as opposed to what was patently frivolous at the outset. All this reliance on evidence disclosed in discovery does not support a finding that the complaint was frivolous *when filed*.

Defendants seek sanctions against plaintiff Termini individually, and against Termini's original attorney, Anna Hearn, who was permitted to withdraw from the case on November 30, 2010 because she had accepted new employment with the federal government and was leaving private practice. DE 80. Because Rule 11(b) expressly applies to "an attorney or unrepresented party," it does not appear to support the imposition of sanctions on plaintiff Termini personally here, because in filing the action and persisting in it with Hearn as her counsel, Termini acted neither as an attorney nor a party acting *pro se*. Nothing in *Burda v. M. Ecker Co.*, 2 F.3d 769, 773-74 (7th Cir. 1993), a case the Commissioners rely upon, mandates a different result. *Burda* does not specifically address the issue of *represented* parties, but merely states generally that "[p]arties and/or their attorneys violate Rule 11 when they bring legal action for any improper purpose." The Commissioners themselves acknowledge that the Advisory Committee Notes to Rule 11 provide that monetary sanctions for violation of Rule 11(b)(2) may not be imposed on a represented party. DE 89-1, p.6. *See* Advisory Committee Notes to 1993 Amendment to

4

Fed.R.Civ.P. 11. Not just the Advisory Committee Notes, but the rule itself so provides. *See* Fed.R.Civ.P. 11(c)(5)(A).

Finally, the imposition of sanctions under Rule 11 relates to "Representations to the Court," as the heading on Rule 11(b) indicates. The Advisory Committee notes also that "[t]he rule applies only to assertions contained in papers filed with or submitted to the court." *Id*. For Rule 11 purposes, the allegedly sanctionable "continuing to pursue" must take the form of representations to the court, and defendants identify none by Hearn that persist in an unwarranted advocacy of the claim against the Commissioners. They nonetheless complain that counsel did not comply with their request to dismiss Termini's claims against them, but do not identify instances in which plaintiffs' counsel, *in her filings with the court*, resisted the Commissioners' conclusions that the facts and law did not support their liability. So Hearn is not shown to have advocated the matter to the court in violation of the strictures of Rule 11(b). The fact that, in dealings between counsel, Hearn did not capitulate on the matter to defendant's counsel as quickly and readily as desired does not form the basis for the imposition of sanctions under Rule 11.

For all of these reasons, I will deny the motion for sanctions. As is all too common in this litigation, defendants' motions to strike portions of Termini and Hearn's response to the motion for sanctions [DE 94, 95] address only collateral matters that play no part in what I consider the proper analysis of the sanctions issue. The motions will be denied.

ACCORDINGLY:

Plaintiff Sarah Termini's request to voluntarily dismiss this case with prejudice [DE 85, 93] is GRANTED.

The defendants' joint motion to dismiss [DE 84] is DENIED AS MOOT.

The motion for Rule 11 sanctions by defendant Lake County by its Board of Commissioners [DE 89] is DENIED.

Defendants' motions to strike portions of plaintiff's and attorney Anna Hearn's response to the motion for sanctions [DE 94, 95] are DENIED.

The complaint is DISMISSED WITH PREJUDICE, each party to bear its own costs.

**SO ORDERED.**

Entered this 28th day of March, 2011.

                                                s/ Philip P. Simon
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT